Maureen Foley **LACEY** and Steven C. Lacey, Plaintiffs,

v.

Harry **YELL**, Penelope Clute; Kevin K. Ryan; Cathy Paul; Sheriff R. Trombly; Richard Lucas; Jeon Dee, Clinton County Department of Social Services; Sterling Goodspeed; John Wappett; Lilian Hayes, Sheriff; Fred Lemy, Warren County Department of Social Services; Chris Clarke, Ottawa/Carlton Department of Social Services, Defendants.

No. 96–CV–1714 (FJS).

United States District Court, N.D. New York.

May 16, 1997.

Maureen and Steven Lacey, Montreal, Quebec, pro se.

Dennis C. Vacco, Office of the Attorney General, State of New York, Albany (Darren O'Conner, Asst. Attorney General, of counsel), for Defendants.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

In the present action, the Plaintiffs, Steven and Maureen Lacey, allege that the named Defendants violated the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, 24 I.L.M. 1092 (1985) (the "Mutual Legal Assistance Treaty"), along with the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Their allegations stem from the Defendants' involvement in the Plaintiffs' criminal arrests for petit larceny and filing a false instrument in Clinton County, New York. The Defendants in this action are comprised of officials from the Counties of Warren and Clinton Departments of Social Services, the Clinton County District Attorney's Office, the Canadian Social Services, and Plattsburgh City Court Judge Kevin K. Ryan. With respect to Defendant Ryan, Plaintiffs allege that Judge Ryan violated their constitutional rights by issuing search and arrest warrants, by setting bail on criminal charges, by not releasing the Plaintiffs immediately following a preliminary hearing, and by delaying the appointment of counsel for Maureen Lacey for twenty-three days. Presently before the Court is a motion to dismiss brought pursu-

ant to Fed.R.Civ.P. 12(b)(6) by Defendant Judge Kevin K. Ryan based on the doctrine of absolute judicial immunity.

## Facts

The Plaintiffs' claims arise out of their April 18, 1995 arrest in Clinton County, New York for petit larceny and filing a false instrument in connection with an application for public assistance. Plaintiff Maureen Lacey alleges she possesses dual citizenship in both Canada and the United States. Plaintiff Steven Lacey is allegedly a citizen of Canada and a permanent resident of the United States.

For the purposes of this motion, the Court will set forth the relative facts as alleged by Plaintiffs. Any confusion or contradiction in the facts is reflective of the Plaintiffs' complaint. Plaintiffs allege that various Defendants, in their investigation of the Plaintiffs, obtained private information from the Canadian Government without following the procedures set forth in the Mutual Legal Assistance Treaty between Canada and the United States. Plaintiffs allege that this improperly obtained information formed the basis of the evidence used to bring criminal charges against them.

Relevant to the present motion, the Plaintiffs allege that Plattsburgh City Court Judge Kevin K. Ryan relied on the improperly obtained information described above to support his finding of probable cause to issue arrest warrants and search warrants on April 2, 1995 for the Plaintiffs and the Plaintiffs' residence, respectively. Additionally, Plaintiffs allege that Defendant Ryan had an improper motive for issuing the search warrants, that is, to seize tapes and documents belonging to the Plaintiffs which detailed the Plaintiffs' ongoing investigation into public corruption in Warren and Clinton Counties.

Additionally, Plaintiffs allege that Judge Ryan is responsible for their allegedly im-

proper post-arrest incarceration, in that Judge Ryan set bail for Plaintiff Maureen Lacey at $5,000 and for Steven Lacey at $10,000.[1] Plaintiffs also allege that Judge Ryan should have released then following preliminary hearings in which the Plaintiffs' counsel voiced Plaintiffs' belief that the Plaintiffs' arrests violated international law. On September 28, 1995, a Grand Jury was convened, and on September 28, 1995 the Plaintiffs were indicted on the charges set forth previously.[2]

## Discussion

■ As stated, Defendant Ryan moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims brought against him on the ground that they are barred by the doctrine of absolute judicial immunity. Defendant Ryan contends that all the acts complained of in the Plaintiffs' complaint were performed in his judicial capacity, thus making him immune from civil liability for those acts. Plaintiffs contend that Judge Ryan lacked jurisdiction to preside over the Plaintiffs' criminal proceedings because those proceedings were initiated based upon information obtained in violation of the Mutual Legal Assistance Treaty. Additionally, Plaintiffs contend that Judge Ryan waived any immunity he may have had by making representations that he was experienced in matters of international law.

In evaluating a motion to dismiss for failure to state a claim, the court must "accept as true all the factual allegations in the complaint" and draw all reasonable inferences in favor of the plaintiffs. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 163–65, 113 S.Ct.1160, 1161, 122 L.Ed.2d 517 (1993); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992). "[T]he court should not

1. Plaintiffs allege that Judge Ryan initially set bail for Steven Lacey at $5,000 on May 22, 1995. Plaintiffs allege that on May 23, Judge Ryan raised bail on Steven Lacey to $10,000.

2. It is uncertain from the record as to the outcome or status of this indictment at this time. The Plaintiffs' pleadings are confusing and contradictory as to this point. Plaintiffs' complaint

alleges that a Judge Favro dismissed the charges against Steven Lacey following a preliminary hearing on May 23, 1995, yet the Plaintiffs' complaint alleges that both Plaintiffs were indicted by the Grand Jury on September 29, 1995. In any event, for purposes of this motion the allegations are clear with respect to the conduct alleged of Judge Ryan.

dismiss the complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991)(quoting *Conley v. Gibson*, 355 U.S. 41 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Thus, for purposes of this motion, the Court will assume arguendo that the facts alleged by the Plaintiffs in their complaint are true.

The standards regarding judicial immunity are well established. Judges are immune from damages for civil liability for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Judicial immunity is conferred even if the plaintiff accuses the judge of acting maliciously or corruptly, and no matter how erroneous the ruling challenged by the plaintiff. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985). A plaintiff may overcome judicial immunity only where the judge was not acting in a judicial capacity or where his or her action, though judicial, was performed in the complete lack of all jurisdiction. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104–1105; *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial capacity relates to whether the act's nature and function are normally associated with or performed by a judge. *Waco*, 502 U.S. at 12, 112 S.Ct. at 288.

■ In the case at bar, the alleged acts attributable to Defendant Ryan were issuing search and arrest warrants, setting bail, assigning counsel, and ruling on the arguments made by the Plaintiffs' counsel. These acts were all well within Judge Ryan's judicial capacity. *See, e.g., Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942–1943, 114 L.Ed.2d 547 (1991) (issuance of a criminal warrant is a judicial act). Plaintiffs, however, argue that Judge Ryan was divested of jurisdiction over the Plaintiffs' criminal action by operation of the Mutual Legal Assistance Treaty. The Treaty provides for mutual legal assistance between the United States and Canada in all matters relating to the prosecution of criminal offenses. Such assistance includes exchanging information and providing documents and records. The Treaty does not purport to limit or define the jurisdiction of any of the courts of the respective signing parties either explicitly or impliedly. Thus, Plaintiffs' argument that the Treaty denies a New York State criminal court of jurisdiction over crimes committed within its statutory jurisdiction is specious at best. Furthermore, Plaintiffs' alternate argument that Judge Ryan somehow waived his judicial immunity is likewise meritless and unsupported by any legal precedent. Based on the foregoing, the Court finds that Plaintiffs' claims brought against Defendant Kevin K. Ryan are barred based on the doctrine of absolute judicial immunity. Accordingly, it is hereby

ORDERED that Defendant Kevin K. Ryan's motion to dismiss the Plaintiffs' claims against him is GRANTED, and Plaintiffs' claims against him are DISMISSED.

**IT IS SO ORDERED.**